United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENA TO LIGHTSPEED VENTURE PARTNERS, | Case No. 26-mc-80289-TSH<br><br>**ORDER RE: MOTION TO QUASH**<br>Re: Dkt. No. 1 |

Before the Court is Lightspeed Management Company, L.L.C. d/b/a Lightspeed Venture Partners' motion to quash a subpoena issued in connection with an action pending in the United States District Court for the District of Massachusetts, *UMG Recordings, Inc. v. Suno, Inc.*, 1:24-cv-11611-FDS. Lightspeed filed the present miscellaneous action in this District because the subpoena requires compliance here. *See* Fed. R. Civ. P. 45(d)(3)(A) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena . . . ."); Fed. R. Civ. P. 45(c)(2)(A). The District of Massachusetts is the issuing court. *See* Fed. R. Civ. P. 45(a)(2) ("A subpoena must issue from the court where the action is pending.").

Rule 45(f) provides that, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The 2013 Advisory Committee Note explains that Rule 45 ordinarily protects local nonparties by providing for local resolution of subpoena disputes: "The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment. That concern is not implicated where the nonparty itself

asks for, or agrees to, resolution by the issuing court. As the Note states, "[i]f the person subject to the subpoena consents to transfer, Rule 45(f) provides that the court where compliance is required may do so." *Id*. Thus, when the person subject to the subpoena consents, the Court may transfer the motion without making a separate finding of exceptional circumstances. Absent consent, by contrast, "the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present." *Id*. Transfer is discretionary under either prong: Rule 45(f) provides that the compliance court "may" transfer a subpoena-related motion, not that it must. And if the motion is transferred, Rule 45(f) permits counsel, if authorized to practice in this Court, to "file papers and appear on the motion as an officer of the issuing court," which mitigates any burden transfer would impose on Lightspeed as a nonparty.

Accordingly, the Court **ORDERS** the parties to meet and confer regarding potential transfer of the pending motion under Rule 45(f) so that it can be decided by the court that is presiding over the underlying action. The parties shall file a joint statement by October 1, 2026 addressing: (1) whether Lightspeed consents to transfer of the motion to the District of Massachusetts; (2) if Lightspeed consents, whether any party contends that the Court should nonetheless exercise its discretion to retain and decide the motion, and the basis for that contention; and (3) if Lightspeed does not consent, whether any party contends that exceptional circumstances warrant transfer, and the basis for that contention. *See In re Google LLC*, 2024 WL 217842, at *2 (N.D. Cal. Jan. 19, 2024) ("Under Rule 45(f), Google's consent alone is sufficient for the Court to order transfer."); *Mirza v. Yelp, Inc.*, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021) ("Rule 45(f) presents no bar whatsoever to the return of the matter to the Issuing Court where . . . the Subpoenaing Parties object to the transfer and the nonparties subject to the subpoena consent to the transfer."). As *Mirza* explained, Rule 45(f)'s focus on the consent of the person subject to the subpoena reflects the rule's primary purpose of protecting nonparties from the burdens of responding to subpoenas in distant courts. 2021 WL 2939922, at *3 n.3 ("The rule's silence on objections by issuing parties makes sense, too, given its primary purpose to protect nonparties, i.e., to minimize the impact on nonparties of responding to subpoenas in distant

United States District Court
Northern District of California

courts.”).

Pending resolution of this issue, briefing deadlines on the pending motion to quash are hereby **STAYED**.

**IT IS SO ORDERED.**

Dated: September 18, 2026

THOMAS S. HIXSON
United States Magistrate Judge