# EXHIBIT 5

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | | |
|---|---|---|
| UMG Recordings, Inc. et al.<br>*Plaintiff*<br>v.<br>Suno, Inc. and John Does 1-10<br>*Defendant* | ) | Civil Action No. 1:24-cv-11611 (FDS) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Lightspeed Venture Partners, c/o Andrew Moley, Agent for Service of Process
2200 Sand Hill Road, Menlo Park, CA 94025

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: SEE ATTACHMENT "A"

| Place: | Date and Time: |
|---|---|
| Nationwide Legal, 57 Post Street, Suite 907, San Francisco, CA 94104 or remotely | 11/09/2026 9:00 am |

The deposition will be recorded by this method: Stenographic, audio and video recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT "B"

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/13/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* UMG Recordings, Inc., et al. , who issues or requests this subpoena, are:

Mariah Rivera,Hueston Hennigan,1 Little West 12th Street, New York, NY 10014, mrivera@hueston.com (646) 891 5049

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:24-cv-11611 (FDS)

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Attachment A

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to the topics listed below:

1. "ACTION" shall refer to the above-captioned action, filed in the U.S. District Court for the District of Massachusetts, entitled *UMG Recordings, Inc. et al. v. Suno, Inc. et al*., No. 1:24-cv-11611, unless otherwise specified.

2. "AI SERVICE" or "SERVICE" shall refer to any artificial intelligence-powered service, including the service offered by SUNO.

3. The words "AND" and "OR" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

4. The term "ANY" shall include "ALL" and "ALL" shall include "ANY."

5. "COMMUNICATION(S)" means without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction, information, demand or question by any medium, whether by written, oral or other means, including electronic communications and electronic mail ("e-mail"), telephone conversations, written correspondence, transmissions via messaging applications (including, but not limited to, WhatsApp, Signal, Facebook Messenger, Instagram, Google Chat, Slack, and Discord), text messages, facsimile transmissions, meetings, video conferences, or document transmittals.

6. "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

7. "OUTPUT" and "OUTPUTS" shall refer to the digital music files generated by an AI SERVICE.

8. "PERSON" is used broadly and includes any of the following without limitation: natural persons, corporations, limited or general partnerships, joint ventures, firms, limited liability companies, associations, proprietorships, agencies, boards, authorities, governmental entities, the federal government, any state government, any city government or agency, or any county government or agency, or any other entity.

9. "RELATED TO" and "RELATING TO," shall be interpreted in their customary broad sense and shall include, without limitation, having any connection, relation, or reference to, as well as identifying, concerning, containing, pertaining to, referring to, reflecting, mentioning, discussing, representing, embodying, illustrating, substantiating, evidencing, describing, constituting, or otherwise being logically or factually connected with the matter discussed.

10. "SOUND RECORDINGS" shall have the same meaning as that term is defined in the Copyright Act, see 17 U.S. § 101.

11. "SUNO," shall refer to Defendant Suno, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, any partnership or joint venture to which it may be a party, and its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period.

12. "TRAINING DATA" means any information, data, or datasets used to train or establish the parameters of SUNO'S AI SERVICE.

13. "USERS" means PERSONS who use SUNO's AI SERVICE to create OUTPUTS.

14. "YOU," or "YOUR" means Lightspeed Venture Partners, its subsidiaries, divisions, predecessor and successor companies, affiliates, any partnership or joint venture to which it may be a party, and its employees, agents, officers, directors, representatives, consultants,

accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period.

**INSTRUCTIONS**

In addition to the requirements set forth in the Federal Rules of Civil Procedure, the following instructions apply to each of the deposition topics set forth herein:

1. Pursuant to Federal Rule of Civil Procedure 30(b)(6), YOU are hereby advised of YOUR duty to confer in good faith with Plaintiffs about the matters for examination set forth below, and of YOUR duty to designate one or more officers, directors, managing agents, or other PERSONS who consent to testify on YOUR behalf as to each such matter.

2. No later than ten (10) calendar days before the deposition, YOU shall identify in writing each PERSON YOU have designated and the topic or topics on which each such PERSON is designated.

3. Each designee must testify as to information known or reasonably available to YOU, and not merely as to the designee's personal knowledge.

4. Each topic shall be construed independently, and no topic shall be viewed as limiting the scope of any other topic.

5. If YOU object to a portion or aspect of a deposition topic, state the grounds for YOUR objection with specificity.

6. The time period for all matters is January 1, 2022 to the present, unless a particular topic specifies otherwise.

7. YOUR designees shall bring to the deposition all documents reviewed, relied upon, or consulted in preparation for the deposition.

8. Plaintiffs are prepared to confer regarding the date, location, format, sequencing,

and duration of the deposition, including proceeding remotely and allocating time among topics, in order to minimize any burden on YOU.

9. Nothing herein limits Plaintiffs' right to depose any of YOUR current or former officers, directors, employees, or agents in an individual capacity, or to seek additional testimony or documents.

**TOPICS OF TESTIMONY**

1. Your pre-investment business relationship with Suno, including prior business relationships between you and the Suno co-founders, specifically Michael Shulman, Keenan Freyberg, Georg Kucsko, and Martin Camacho, to the extent such prior business relationships exist.

2. The "legal risk of training data" discussed in the document produced by YOU with the Bates-stamp LVSP_00000141.

3. YOUR investment in SUNO during its Series B round that closed in May 2024, including YOUR role as a lead investor.

4. YOUR investment in SUNO during its Series C round that closed in November 2025.

5. YOUR investment in SUNO during its Series D round that closed in June 2026.

6. In general, the categories of documents provided by Suno related to your investment in Suno, including pitch decks, financial models, projections, data-room materials, and investor updates.

7. SUNO's TRAINING DATA, including YOUR awareness, knowledge, and understanding of the contents, acquisition, sources, and development of SUNO's TRAINING DATA.

8. The "Risks" included in the document produced by YOU with the Bates-stamp LVSP_00000141, including specifically "regulation around training data and/or label lawsuits."

9. YOUR due diligence related to: (1) SUNO'S TRAINING DATA, including SUNO's efforts or failure to license its TRAINING DATA; (2) copyright legal risks in relation to SUNO; (3) business risks associated with: SUNO'S TRAINING DATA, SUNO's relationship to the music industry, negative publicity, or SUNO's ability to raise capital for a music-generative AI product; (4) the market for SUNO's music-generative AI SERVICE and its OUTPUTS; (5) SUNO's actual or potential impact on the music industry.

10. YOUR awareness, knowledge, and understanding of SUNO's impact or effect on the music industry, including the market for SOUND RECORDINGS.

11. SUNO's "Partnerships Tracker," produced by YOU with the Bates-stamp LVSP_00001176.

12. YOUR awareness, knowledge, and understanding of the market for SUNO'S AI SERVICE, including the market for OUTPUTS.

13. The "two sided music platform" discussed in the document produced by YOU with the Bates-stamp LVSP_00000141.

14. Your non-privileged communications with SUNO concerning risk of litigation related to SUNO'S TRAINING DATA.

15. YOUR role on SUNO's Board of Directors.

16. The authenticity of DOCUMENTS produced by YOU in this ACTION.

## DEFINITIONS AND INSTRUCTIONS

The definitions and instructions set forth in Attachment A apply to the requests listed below.

The DOCUMENTS requested below must be produced to Plaintiffs' counsel no later than seven (7) days before the date on which the deposition proceeds. If YOU withhold ANY DOCUMENT, or portion thereof, on the basis of a claim of privilege, YOU must provide at the same time as YOUR document production a log identifying each withheld DOCUMENT and stating the basis for each claim.

Unless otherwise specified, the relevant time period for these requests shall be June 7, 2025 through the present day.

## DOCUMENTS REQUESTED

1. ALL DOCUMENTS and COMMUNICATIONS RELATED TO Plaintiffs' SOUND RECORDINGS.

2. ALL DOCUMENTS and COMMUNICATIONS RELATED TO SUNO's TRAINING DATA, including SUNO's efforts or failure to license SUNO's TRAINING DATA.

3. ALL DOCUMENTS and COMMUNICATIONS RELATED TO copyright law in relation to SUNO.

4. ALL DOCUMENTS and COMMUNICATIONS RELATED TO business risks associated with: SUNO's TRAINING DATA; SUNO's relationship to the music industry; negative publicity; and SUNO's ability to raise capital for a music-generative AI product.

5. ALL DOCUMENTS and COMMUNICATIONS RELATED TO the market for SUNO's AI SERVICE and OUTPUTS.

6. ALL DOCUMENTS and COMMUNICATIONS RELATED TO SUNO's actual

or potential impact on the music industry.