**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re SUBPOENA to LIGHTSPEED VENTURE PARTNERS, | Case No. 1:26-mc-91532-FDS |
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, and SONY MUSIC ENTERTAINMENT,<br>Plaintiffs,<br>v.<br>SUNO, INC. and JOHN DOES 1-10,<br>Defendant. | (Underlying Case Pending: *UMG Recordings, Inc. v. Suno, Inc.*, Civil Action No. 1:24-cv-11611-FDS) |

**NON-PARTY LIGHTSPEED MANAGEMENT COMPANY, L.L.C.'S STATEMENT IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR IMPOUNDMENT**

Pursuant to Local Rule 7.2 and Paragraphs 22 and 23 of the Amended Confidentiality Stipulation and Protective Order entered in the underlying case, *UMG Recordings, Inc. v. Suno, Inc.*, Civil Action No. 1:24-cv-11611-FDS ("Underlying Case"), Dkt. No. 180 ("Protective Order"), Non-Party Lightspeed Management Company, L.L.C. d/b/a Lightspeed Venture Partners ("Lightspeed"), by and through its undersigned counsel, hereby respectfully submits this statement in support of Plaintiffs' Unopposed Motion for Impoundment, requesting to seal unredacted versions of the supporting papers for Plaintiffs' Opposition to Non-Party Lightspeed Management Company, LLC's Motion to Quash Plaintiffs' Subpoena.

On October 13, 2026, Plaintiffs submitted their Opposition to Non-Party Lightspeed Management Company, LLC's Motion to Quash Plaintiffs' Subpoena ("Opposition") and an Unopposed Motion for Impoundment requesting to seal unredacted versions of the supporting

papers for Plaintiffs' Opposition. Dkt. Nos. 19, 20, 21. Plaintiffs' Opposition attaches and references two documents produced by Non-Party Lightspeed in response to a subpoena to produce documents issued by Plaintiffs pursuant to Federal Rule of Civil Procedure 45, designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. *See* Declaration of Robin L. Gushman ("Gushman Decl.") ¶ 4. Specifically, Lightspeed seeks to seal Exhibit 3 and Exhibit 4 to the Declaration of Mariah Rivera, Dkt. No. 20, and references thereto in Plaintiffs' Opposition (the "Confidential Information"). The Confidential Information contains Lightspeed's assessment of its potential investment in Suno, revealing Lightspeed's investment priorities, risk tolerance, and its valuation methods. If it were disclosed to the public, Lightspeed, a non-party, would be put at a substantial competitive disadvantage because disclosure would give others insight into its business and evaluation strategy. The harm that Non-Party Lightspeed would suffer if the Confidential Information were made public outweighs the public's interest in accessing this information.

### A. No Right of Public Access Attaches to Discovery Materials Cited as Part of a Discovery Dispute

The First Circuit has stated that no right of public access attaches to "documents presented to a judge in connection with a discovery dispute." *United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013) (citations omitted). The right of public access attaches only when the materials are "judicial records … on which a court relies in determining the litigants' substantive rights." *Id.* at 54 (citations omitted).

Here, Plaintiffs' Opposition attaches documents produced by Lightspeed in the Underlying Case, and quotes confidential, business-sensitive discovery material therein. Courts in this Circuit have consistently determined that the right of public access does not extend to materials filed in connection with discovery disputes because these disputes do not determine the litigants'

substantive rights. *See, e.g., Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986) ("[A] request to compel or protect the disclosure of information in the discovery process is not a request for a disposition of substantive rights."); *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 448 (D. Mass. 2015) (noting that the presumption of public access may be overcome for filings related to motions about discovery matters); *Warren v. Rojas*, 2016 WL 1642584, at *1 (D. Mass. Apr. 25, 2016) (applying good cause standard to sealing application submitted in connection with discovery motion); *Roy v. FedEx Ground Package Sys., Inc.*, 2023 WL 4186291, at *2 (D. Mass. June 26, 2023) (same). Thus, discovery materials produced by Lightspeed and references to the same in Plaintiffs' Opposition should remain sealed so long as there is good cause for doing so.

### B. The Commercial Sensitivity of the Confidential Information Provides Good Cause for Impoundment

Pursuant to Federal Rule of Civil Procedure 26(c), a party may file a document under seal when "good cause" exists to keep the information confidential. Fed. R. Civ. P. 26(c). Good cause exists where the moving party demonstrates "the harm that would be sustained if the court did not allow the filing under seal." *Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc.*, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008).

Here, the Confidential Information includes an internal opportunity summary documenting Lightspeed's initial evaluation of Suno as a prospective investment, and a pre-investment analysis memorandum prepared by Lightspeed. Gushman Decl. ¶ 6. Specifically, the Confidential Information documents Lightspeed's internal deliberations about whether and how to pursue the investment opportunity, and reflects Lightspeed's internal investment decision-making process. *Id.* Public disclosure of this information could cause Lightspeed serious competitive harm. *See id.* ¶¶ 6-7. Lightspeed operates in a highly competitive venture capital market in which firms compete directly with one another for access to, and allocation in, investment opportunities in

promising companies. *Id.* ¶ 7. The Confidential Information reveals precisely the materials that Lightspeed's competitors, co-investors, and counterparties would most value: the factors Lightspeed prioritizes when evaluating a company, the methodology and benchmarks it uses to assess valuation, and the considerations that shape its negotiating posture. With that insight, competing investors could anticipate Lightspeed's positions and strategically outbid or undercut Lightspeed in future competitive financing processes; portfolio companies and other counterparties could exploit knowledge of Lightspeed's internal thresholds and priorities to extract more favorable terms in negotiations; and market participants could replicate Lightspeed's internal diligence framework—which Lightspeed developed through substantial investment of time, expertise, and resources—without incurring any of that cost. *Id.* Disclosure would therefore hand Lightspeed's competitors an unfair informational advantage while offering little to the public's understanding of the issues in this proceeding. *Id.* Courts routinely seal competitively sensitive information such as this, the disclosure of which "could unfairly disadvantage" a party in favor of its economic competitors. *See, e.g., In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.*, 2012 WL 5239726, at *1 (D. Mass. Oct. 24, 2012) (ruling that deposition excerpts should be designated as confidential and need not be shared with the public where they contain confidential commercial information about defendant's internal policies and procedures, as well as the internal policies and procedures of defendant's third-party vendor).

In addition, courts have routinely recognized that the privacy interests of third parties such as Lightspeed weigh heavily against public access, particularly where the third party's financial records or business information are at issue. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties … should weigh heavily in a court's balancing equation." (cleaned up)); *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL

3264264, at *3 (S.D.N.Y. June 17, 2020) ("Similarly, protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents."). This Court has recognized the need to prevent disclosure of "sensitive commercial information" to competitors, "particularly that of non-parties." *See W.N. Motors, Inc. v. Nissan N. Am., Inc.*, 2022 WL 1568443, at *2 (D. Mass. May 18, 2022) (granting a protective order limiting access to certain documents to attorneys' eyes only in order to protect the interest of non-party dealers).

* * * * *

For these reasons, Lightspeed respectfully requests that the Court grant Plaintiffs' Unopposed Motion for Impoundment and order that the materials described herein be impounded until further order of the Court.

Dated: October 20, 2026

Respectfully submitted,

*/s/ Robin L. Gushman*
Robin L. Gushman (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
robin.gushman@lw.com
brittany.lovejoy@lw.com

*Counsel for Non-Party Lightspeed Management Company, L.L.C. d/b/a Lightspeed Venture Partners*

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Lightspeed has conferred with counsel for Plaintiffs in a good faith effort to resolve or narrow the issues raised in this motion. Plaintiffs have indicated they intend to oppose this motion.

*/s/ Robin L. Gushman*
Robin L. Gushman

**CERTIFICATE OF SERVICE**

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent on October 20, 2026 to those identified as non-registered participants.

*/s/ Robin L. Gushman*
Robin L. Gushman