**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re SUBPOENA to LIGHTSPEED VENTURE PARTNERS, | Case No. 1:26-mc-91532-FDS |
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, and SONY MUSIC ENTERTAINMENT,<br>Plaintiffs,<br>v.<br>SUNO, INC. and JOHN DOES 1-10,<br>Defendant. | (Underlying Case Pending: *UMG Recordings, Inc. v. Suno, Inc.*, Civil Action No. 1:24-cv-11611-FDS) |

**DECLARATION OF ROBIN L. GUSHMAN RELATED TO NON-PARTY LIGHTSPEED MANAGEMENT COMPANY, L.L.C.'S STATEMENT IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR IMPOUNDMENT**

I, Robin L. Gushman, respectfully declare as follows:

1. I am a partner at Latham & Watkins LLP and counsel of record for Non-Party Lightspeed Management Company, L.L.C. d/b/a Lightspeed Venture Partners ("Lightspeed") in this proceeding. I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2. I submit this declaration in accordance with Local Rule 7.2, Paragraphs 22 and 23 of the Amended Confidentiality Stipulation and Protective Order entered in the underlying case, *UMG Recordings, Inc. v. Suno, Inc.*, Civil Action No. 1:24-cv-11611-FDS ("Underlying Case"), Dkt. No. 180 ("Protective Order"), and the Court's Standing Order Regarding Motions for Leave to File Under Seal and Stipulated Protective Orders.

3. On October 13, 2026, Plaintiffs submitted their Opposition to Non-Party Lightspeed Management Company, LLC's Motion to Quash Plaintiffs' Subpoena ("Opposition") and an Unopposed Motion for Impoundment requesting to seal unredacted versions of the supporting papers for Plaintiffs' Opposition. Dkt. Nos. 19, 20, 21.

4. As part of their Opposition submission, Plaintiffs attached and referenced two documents produced by Lightspeed in response to a subpoena to produce documents issued by Plaintiffs pursuant to Federal Rule of Civil Procedure 45 in the Underlying Case. Exhibit 3 to the Declaration of Mariah Rivera, Dkt. No. 20 (the "Rivera Declaration"), is a true and correct copy of a document produced by Lightspeed in the Underlying Case, bearing Bates range LSVP_00000064 to LSVP_00000069. Exhibit 4 to the Rivera Declaration is a true and correct copy of a document produced by Lightspeed in the Underlying Case, bearing Bates range LSVP_00000141 to LSVP_00000161.

5. Exhibit 3 and Exhibit 4 to the Rivera Declaration are designated by Lightspeed as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

6. Exhibit 3 to the Rivera Declaration is an internal opportunity summary documenting Lightspeed's initial evaluation of Suno, Inc. as a prospective investment. Exhibit 4 to the Rivera Declaration is a pre-investment analysis memorandum prepared by Lightspeed. Both exhibits record Lightspeed's internal discussions regarding whether to pursue the Suno, Inc. investment opportunity and on what terms, and they reflect the internal process by which Lightspeed makes its investment decisions.

7. I understand that the venture capital market in which Lightspeed operates is intensely competitive, and venture firms compete head-to-head to obtain access to, and allocations in, investments in promising companies. Both exhibits disclose the kind of information that

Lightspeed's competitors, co-investors, and counterparties would find most valuable, including the factors Lightspeed considers in evaluating a company, the methodology and benchmarks Lightspeed applies in assessing valuation, and the considerations that inform Lightspeed's approach to negotiations. Armed with that information, competing investors could predict Lightspeed's positions and use that knowledge to strategically outbid or undercut Lightspeed in future competitive financing rounds. Portfolio companies and other counterparties could likewise use their knowledge of Lightspeed's internal thresholds and priorities to obtain more favorable terms when negotiating with Lightspeed. In addition, other market participants could copy Lightspeed's internal diligence framework—which I understand Lightspeed built through a substantial investment of time, expertise, and resources—without bearing any of those costs. If this information is publicly disclosed, Lightspeed could suffer serious competitive harm.

8. Lightspeed therefore requests to impound Exhibit 3 and Exhibit 4 to the Rivera Declaration, as well as all references thereto in Plaintiffs' Opposition. Plaintiffs informed Lightspeed that they intend to oppose Lightspeed's request.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 20, 2026 in San Francisco, California.

By: *<u>/s/ Robin L. Gushman</u>*
Robin L. Gushman
LATHAM & WATKINS LLP
*Counsel for Non-Party Lightspeed Management Company, L.L.C. d/b/a Lightspeed Venture Partners*

**CERTIFICATE OF SERVICE**

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent on October 20, 2026 to those identified as non-registered participants.

*/s/ Robin L. Gushman*
Robin L. Gushman